# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Case No.: 1:23-cr-00266-BAH** |
| **TYLER BRADLEY DYKES** | : | |

## JOINT MOTION TO CONTINUE

## AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America and the Defendant, Tyler Bradley Dykes, jointly move this Court to continue the status conference currently scheduled for December 1, 2023, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the Defendant in a speedy trial pursuant to the factors in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), from the date this Court enters an Order on this motion through and including the date of the next status conference.

The parties jointly move for the status conference to be continued until February 2024. The parties respectfully request that the status conference be set for February 7, 8, or 9, 2024.

## <u>BACKGROUND</u>

On July 17, 2023, Mr. Dykes was arrested on a criminal complaint charging him with offenses related to the events at the U.S. Capitol on January 6, 2021.  ECF Nos. 1 & 5.  On August 1, Mr. Dykes made his initial appearance and was released on a personal recognizance bond.  ECF No. 8.

On August 9, Mr. Dykes was indicted for robbery, in violation of 18 U.S.C §§ 2111, 2; civil disorder, in violation of 18 U.S.C § 231(a)(3); two counts of assaulting, resisting, or impeding officers, in violation of 18 U.S.C. § 111(a)(1) and (b); entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A); engaging in physical violence in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A); and several misdemeanor counts involving violations of 40 U.S.C. § 5104(e)(2)(D), (F), and (G).  ECF No. 9.

On August 14, the Government filed an unopposed motion for a status conference and for exclusion of time under the Speedy Trial Act.  ECF No. 11.  The Court granted the motion and set an arraignment/initial status conference for September 22.

On September 22, the Court held the arraignment/initial status conference. The Court arraigned Mr. Dykes on the indictment and scheduled the next status conference for December 1, 2023.

## **DISCUSSION**

The parties respectfully request that the Court continue the status conference currently scheduled for December 1, 2023, and exclude the time within which the trial must commence under the Speedy Trial Act.[1]

"The Speedy Trial Act establishes a general rule: if a defendant is not brought to trial within seventy days of indictment, the court shall dismiss the indictment on motion of the defendant." *United States v. Miller*, 953 F.3d 804, 810 (D.C. Cir. 2020) (internal quotation marks omitted).  However, section 3161(h) of the Act sets forth certain periods of delay that the Court must exclude from the computation of time within which a trial must commence. As relevant to this motion to continue, the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).  This provision further requires the Court to set forth its reasons for finding that any ends-of-justice continuance is warranted.  *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list of factors that the Court must consider in determining whether to grant an ends of-justice continuance, including:

> (i)  Whether the failure to grant such a continuance in

---

[1] The parties previously requested a 75-day continuance at the arraignment/status conference on September 22, 2023.  The instant motion is the parties' first written motion for a continuance.

the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
. . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).  Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (citing § 3161(h)(7)(B)(ii), (iv)).  An interests-of-justice finding is within the discretion of the Court.  *See, e.g.*, *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).  The need for a reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time

under the Speedy Trial Act. *See, e.g.*, *United States v. Bikundi*, 926 F.3d 761, 777–78 (D.C. Cir. 2019).

In particular, the Government has encountered issues with the imaging of Mr. Dykes' cellular telephone.  Although Defendant's cellphone data was extracted in Columbia, South Carolina pursuant to legal process, the FBI encountered technical difficulties in generating both the extraction and authentication reports out of its Columbia, South Carolina office.  Those tasks were then transferred to a Charleston, South Carolina agent for completion.  Once the case agent receives the reports from that office and provides to the Government, the Government will re-produce to the Defendant, so that both parties can complete their review as soon as possible.

Accordingly, the parties will need additional time to review that new discovery and to engage in discussions regarding a possible pretrial resolution of this case.  The parties submit these circumstances constitute good cause supporting this motion.  Accordingly, in addition to the above, in order to best conserve the Court's and the parties' resources, the parties respectfully request a continuance of the currently-scheduled status conference.

Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the Defendant in a speedy trial.  This motion will not affect any other existing deadlines because the parties are hoping to resolve this matter without a trial.

## CONCLUSION

Wherefore, the parties respectfully request that this Court continue the status conference currently scheduled for December 1, 2023, and exclude the time within which the trial must commence under the Speedy Trial Act.  The parties further request that the status conference be rescheduled beginning on or after February 7, 8, or 9, 2024.

Respectfully submitted,

/s/ WILLIAM F. NETTLES, IV,
Federal Public Defender
1901 Assembly Street, Suite 200
Columbia, South Carolina 29201
Telephone:  803-765-5070
Attorney ID #: 5935

/s/ EDMUND G.M. NEYLE,
Assistant Federal Public Defender
c/o McMillan Federal Building
401 W. Evans Street, Suite 105
Florence, South Carolina 29501
Telephone: (843) 662-1510
Attorney ID#: 13832
**Attorneys for Defendant**

/s/ Samantha R. Miller
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov
**Attorney for the United States**

Florence, South Carolina

November 21, 2023